```
            IN THE UNITED STATES DISTRICT COURT
                WESTERN DISTRICT OF ARKANSAS
                      HARRISON DIVISION
```

CALEB THOMPSON                                              PLAINTIFF

    vs.                    CASE No. 06-3060

EATON CORPORATION,
GENERAL ELECTRIC INTERNATIONAL, INC.
and GENERAL ELECTRIC COMPANY                              DEFENDANTS

## O R D E R

NOW on this 18th day of July 2007, comes on for consideration the **Motion for Summary Judgment (Doc. 15)** filed by separate defendant Eaton Corporation (hereinafter "Eaton"). The Court, being well and sufficiently advised, finds and orders as follows with respect thereto:

    1. The plaintiff, Caleb Thompson, brings this diversity action against Eaton, General Electric International, Inc. and General Electric Company. The following facts are not in dispute:

    \* On or about February 24, 2005, plaintiff, an electrician, was working as an independent contractor in Eaton's plant in Mountain Home, Arkansas.

    \* Eaton had hired plaintiff's employer, Crawford Electric, to install various machines at the Mountain Home plant that had been previously used at another plant. The installation involved connecting the machines to the plant's main electrical power source, which was comprised of enclosed overhead power lines or "bus rails" that run throughout the plant.

    \* After Crawford Electric employees performed all necessary installation work, plaintiff attempted to turn on electricity to

one of the machines by engaging a switch on a disconnect box.  When plaintiff did this, an electrical explosion occurred and plaintiff was severely injured.

     2.   Plaintiff asserts that Eaton failed to properly maintain the bus rail system.  Plaintiff asserts that Eaton also failed to properly maintain the "ground fault system" and that had it been working properly, he would not have been injured so severely.  Plaintiff asserts that the General Electric defendants manufactured the bus rail and ground fault systems and delivered them to Eaton's plant in a defective condition.

     3.   Eaton moves for summary judgment.  Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56(c).  The Court considers the facts, and the inferences to be drawn from them, in the light most favorable to the nonmoving party.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

     4.   It is generally recognized that the duty of ordinary care owed by an employer to an independent contractor is to warn against "hidden dangers or unusually hazardous conditions," but it does not include a duty to warn of "obvious hazards which are an integral part of the work the contractor was hired to perform."  Jackson v. Petit Jean Electric Co-op, 606 S.W.2d 66, 68 (Ark. 1980).

Eaton argues, inter alia, that plaintiff was injured by obvious and inherent risks associated with the electrical work that he was hired to perform.  Plaintiff responds that the accident was caused by a hidden or latent defect in the bus rail system.  Plaintiff contends that Eaton failed to inspect and/or maintain the

doors on the bus rail system and that "a door on the bus rail broke and came into contact with electrical components of the bus rail causing an electrical malfunction." (Doc. 24.) Plaintiff submits an affidavit from an electrical design and maintenance engineer supporting his position. (Doc. 26 Attach. 1.)

5. After a thorough review of the pleadings and other materials properly before it, the Court concludes that unresolved disputes of material fact exist regarding whether the accident was caused by a hidden or latent defect in the bus rail system and whether or not this defect was known or could have been discovered by Eaton with reasonable care. Cf. D.B. Griffin Warehouse, Inc. V. Sanders, 986 S.W.2d 836, 841 (Ark. 1999) (jury question was presented as to whether warehouse owner breached its duty of care to independent contractor hired to paint roof, as there were disputed facts as to whether there were hidden or latent dangers involved in painting the roof and whether those dangers were known or could have been discovered by warehouse owner with reasonable care). Accordingly, summary judgment is not appropriate.

6. Based on the foregoing, Eaton's **Motion for Summary Judgment (Doc. 15)** is **DENIED**.

**IT IS SO ORDERED.**

/S/JIMM LARRY HENDREN
JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE